[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE #112
 FACTS
The plaintiff, Atty. Irwin J. Gordon, filed a one-count amended complaint against the defendants, Atty. Howard J. Ignal and Weinstein, Weiner, Ignal, Vogel Napolitano, PC on May 15, 1997. The plaintiff alleges that he was retained by Mercantile Bank of Kansas City to collect a debt, and that he commenced suit and obtained a judgment on December 10, 1990. On June 12, 1992, the defendants began collecting wage executions on the judgment debtor. The plaintiff alleges that he has a charging lien[1] on all payroll deductions.
The defendants filed a motion to strike the amended complaint on February 18, 1998 on the grounds that Ignal has no obligation to compensate the plaintiff and does not have possession of the subject property, as well equitable grounds. The plaintiff filed opposition memoranda to the motion to strike on March 3, 1998 and CT Page 8162 June 9, 1998. The matter was heard by the court on June 15, 1998.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint. . . . to state a claim upon which relief can be granted. . . . [The court] must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 270-71, ___ A.2d ___ (1998).
When viewing the allegations of the amended complaint in the light as pleaded the plaintiff, the plaintiff's claim to a charging lien is legally sufficient.[2] The grounds raised by the defendants' motion to strike do not go to the legal sufficiency of the plaintiff's amended complaint. Accordingly, The motion to strike should be denied.
Nadeau, Judge